UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

UNITED STATES OF AMERICA,                          11-0149-SU

                    Plaintiff,

            v.                          OPINION AND ORDER

BRIAN GENE SNOW,

                    Defendant.

SULLIVAN, Magistrate Judge:

        Defendant Brian Gene Snow has been charged with violating 18
U.S.C. § 113(a)(4)(assault by striking, beating, or wounding).  He
was charged by misdemeanor information on April 18, 2011, with an
assault against K.A.M., an Indian female, alleged to have taken
place on the Confederated Tribes of the Umatilla Indian Reservation
on April 17, 2011.  The record reflects that defendant is the father
of the victim's child and, thus, the charge is brought within the
context of domestic violence.  The maximum penalty for this charge
is a fine of $5,000 and "imprisonment for not more than six months."

PAGE 1 - OPINION AND ORDER

*Id*. at § 113(a)(5); 18 U.S.C. § 3559(a)(7).  A bench trial was scheduled.

Defendant filed a motion for a jury trial (doc. 15) on September 13, 2011, on the grounds that, although the maximum sentence of less than six months renders the charge against defendant presumptively petty, the additional restriction that defendant would face under 18 U.S.C. § 922(g)(9) rebuts this presumption and renders the crime "serious."  Section 922(g)(9) provides for a lifetime prohibition on possession of firearms if a defendant is "convicted in any court of a misdemeanor crime of domestic violence."  The United States opposed the motion (doc. 20).

For the reasons set forth below, I find that (a) the crime with which defendant is charged is presumptively petty, (b) the resulting firearms restriction is not sufficient to rebut that presumption, and consequently, (c) defendant is not entitled to a trial by jury.

*Discussion*

## I.  Presumptively Petty Crimes

Cases that define the scope of a defendant's right to a jury trial have established two categories of crimes: serious crimes and presumptively petty crimes.  The crime with which defendant is charged is a presumptively petty crime.  The United States Supreme Court in *Duncan v. Louisiana* applied the Sixth Amendment

right to a jury trial to the states and explained that a
defendant's right to a jury trial is contingent upon the common
law distinction between "serious" crimes and "petty" crimes. 391
U.S. 145, 159 (1968).  The Court held that defendant is entitled
to a jury trial if, and only if, he faces a serious crime. *Id.* at
160. The Court also emphasized the importance of looking to the
maximum period of incarceration in determining whether a crime is
serious or petty, and held that the two-year maximum sentence in
that case rendered the crime serious.  Nevertheless, the Court
expressly declined to articulate a precise line between serious
offenses and petty ones. *Id.* at 162.

In *Baldwin v. New York,* the Supreme Court held that any
crime punishable by more than six months constitutes a serious
crime without further inquiry.  399 U.S. 66, 73-74 (1970).
However, the Court declined to conclude that a crime punishable
by a maximum term of six months or less is automatically petty.
*Id*. at 69.  In *Blanton v. City of Las Vegas,* the Court addressed
the distinction between serious and petty crimes for purposes of
a defendant's right to a jury trial.[1]  489 U.S. 538 (1989).  A
crime punishable by more than six months of incarceration is
serious, and it entitles a defendant to a jury trial without
further inquiry.  *Id.* at 543.  If a crime is punishable by no

---

[1] *Blanton* held that a D.U.I. with a maximum imprisonment term of
six months, in addition to a mandatory 90-day driver's license
suspension, is a petty crime. 489 U.S. 538.

more than six months of incarceration, a court shall presume it
to be petty. *Id*. The Court explained that "[t]his standard . . .
should ensure the availability of a jury trial in the rare
situation where a legislature packs an offense it deems 'serious'
with onerous penalties that nonetheless 'do not puncture the 6-
month incarceration line.'" *Id.* (citation omitted).

Here, defendant faces a charge that is presumed to be petty.
Defendant argues that based on the lifetime firearms prohibition
he would face under 18 U.S.C. § 922(g)(9) if convicted in a
domestic violence context, this Court should classify the charge
of assault under § 113(a)(4) as one that is serious based on
sufficiently "onerous penalties" apart from incarceration. *See*
*Blanton*, 489 U.S. at 543.

## II.  Requirement for Overcoming the Presumption

The additional penalty to which defendant may be subjected
is not a trivial one.  Nevertheless, I find that its severity is
insufficient to overcome the presumption of pettiness raised by
the maximum penalty of six-month incarceration.  The Supreme
Court has held – and cases applying its instructions have borne
out – that the presumption defendant attempts to overcome is a
powerful one.  As the Court in *Blanton* explained, because
incarceration involves a loss of liberty, it is "intrinsically
different" from any other penalty.  489 U.S. at 542.

PAGE 4 - OPINION AND ORDER

Consequently, incarceration carries significantly more weight than any other penalty, and a crime that is deemed serious for reasons other than the maximum term of incarceration presents a "rare situation." *Id.* at 542-43.

The Ninth Circuit has been equally emphatic as to the strength of the presumption.  In *United States v. Ballek*, the Court denied a jury trial where the sentence included a $56,921 restitution payment.  170 F.3d 871 (9th Cir. 1999).  The Ninth Circuit explained:

> The Supreme Court has told us repeatedly, and in no uncertain terms, that by far the most significant factor in determining whether something is a petty offense is the maximum term of imprisonment. Where the maximum term of imprisonment is six months or less, there is a very strong presumption that the offense is petty and defendant is not entitled to a jury trial. Other types of punishment in lieu of, or in addition to, incarceration may have some bearing on the question, but these punishments are normally considered far less significant.

*Id.* at 876 (citations omitted).  Although *Ballek* may be distinguishable on the basis that it discussed restitution rather than a statutory fine, the Ninth Circuit has held that a $25,000 maximum fine does not rebut the presumption of pettiness. *United States v. Clavette*, 135 F.3d 1308, 1310-11 (9th Cir. 1998).  While a survey of cases from various jurisdictions reveals some inconsistencies,[2] the Ninth Circuit is generally consistent with

---

[2] *United States v. Lucero* found that a $10,000 fine is sufficient to rebut the presumption of pettiness. 895 F.Supp. 1419, 1420 (D. Kan. 1995). This case appears to stand alone and in contrast to the cases in footnote 3.

PAGE 5 - OPINION AND ORDER

cases in other jurisdictions: courts generally require a fine substantially in excess of $10,000 before finding that a presumptively petty crime is, in fact, serious.[3]

However, the high burden established by Supreme Court and Ninth Circuit case law is not limited to the monetary context. The same reasoning applies to lesser restraints of liberty not amounting to physical incarceration.  In *Frank v. United States*, the Court held that the statute allowing up to five years of probation "in lieu of, or in some cases in addition to, a term of imprisonment" does not render an otherwise petty crime serious. 395 U.S. 147, 150 (1969). In so holding, the Court reasoned that probation – while indisputably intrusive – is "certainly less onerous a restraint than jail itself." *Id.*

Defendant argues that the court should apply the rationale and holding of *United States v. Smith*, 151 F.Supp. 1316 (D. Okla.

---

[3] *See United States v. Nachtigal*, 507 U.S. 1 (1993) (a "routine" application of *Blanton:* six months of incarceration and $5,000 fine; crime was petty); *Muniz v. Hoffman*, 422 U.S. 454 (1975) ($10,000 contempt fine against a Union; crime was petty); *Clavette*, 135 F.3d 1308 (9th Cir. 1998) ($25,000 maximum fine; crime was petty); *C.f. International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 (1994) ($52 million contempt fine; crime was serious); *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656 (2nd Cir. 1989) (holding that an actual fine of $100,000 or more against an organization automatically requires a jury trial, and that a fine of less than $100,000 requires a reviewing court to look to the surrounding circumstances to assess whether effect the fine has on the particular organization compels a jury trial); *United States v. Donovo*, No. A02-18 CR, 2002 WL 1874838 (D. Alaska 2002) ($100,000 contempt fine, crime was petty).

PAGE 6 - OPINION AND ORDER

2001), in which the court allowed a jury trial under circumstances similar to this case. I disagree. Although neither the Supreme Court nor the Ninth Circuit has addressed the particular type of restraint on liberty at issue in this case, the weight of authority suggests that the firearms restriction that § 922(g)(9) imposes does not overcome the presumption that §113(a)(4) proscribes a petty crime. Notably, the only Circuit Court addressing this issue, *United States v. Chavez*, denied a jury trial. 204 F.3d 1305, 1313-14 (11th Cir. 2000). The Eleventh Circuit determined that the language of § 922(g)(9) does not manifest Congressional intent to disturb the presumption that assault under § 113(a)(4) is petty.[4] *Id.* I agree with the Court's conclusion in *Chavez*.

Although it is impossible to draw a precise comparison between the fines in the cases above and the firearms prohibition at issue in this case, the combined effect of the case law reflects the high level of severity a penalty must have before courts will find that it renders a presumptively petty crime serious. *See, e.g., United States v. Nachtigal*, 507 U.S. 1;

---

[4] Although *Chavez* predates *District of Columbia v. Heller*, 554 U.S. 570 (2008) (affirming and clarifying the Constitutional right to bear arms), this does not undermine *Chavez*. *Chavez* does not turn on the Constitutional import of the right to bear arms. It mentions in a footnote that the right to bear arms *may not* apply to people who are not part of a militia, 204 F.3d at 1313, n.5, but its holding rests on the independent basis that Congress did not intend § 922(g) to alter the scope of serious crimes. *Id.* at 1313.

PAGE 7 - OPINION AND ORDER

*Ballek*, 170 F.3d at 876; *Clavette*, 135 F.3d at 1310.  A firearms prohibition does not meet the threshold these cases establish. Additionally, to the extent that it is difficult to compare a firearms restriction to a monetary fine, it is easier to compare it to the probationary term that may accompany a petty crime. See *Frank*, 395 U.S.at 150.  While I recognize that a firearms restriction is a significant restraint on a single constitutional right, *District of Columbia v. Heller*, 554 U.S. 570, probation can entail a myriad of restraints on an individual's liberties and constitutional rights. *See United States v. Knights,* 534 U.S. 112 (2001).

     Finally, in shifting the inquiry toward a crime's penalties in order to establish a more objective criteria for determining seriousness, courts have recognized that Congress expresses a judgment on a crime through its drafting of the crime's penalties, and that "[t]he judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task." *Lewis v. United States*, 518 U.S. 322, 326 (citing *Blanton*, 489 U.S. at 541).

     I cannot conclude that by enacting the firearms restriction in § 922(g)(9) Congress intended to transform assault under § 113(a)(4) from a petty crime to a serious one.

PAGE 8 - OPINION AND ORDER

*Conclusion*

The crime with which Defendant Brian Gene Snow is charged is presumptively petty, and the firearms restriction does not meet the high threshold required to rebut a presumption that Congress intended the crime to be petty. Therefore, I find that defendant is not entitled to a jury trial.

IT IS SO ORDERED.

This 21st day of October, 2011.

/s/Patricia Sullivan

Patricia Sullivan
U.S. Magistrate Judge

PAGE 9 - OPINION AND ORDER